IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.   CECIL GUTHRIE,                )<br>                                               )<br>         **Plaintiff,**                         )<br>                                               )<br> v.                                           )<br>                                               )<br> 1.   JEFFREY GRAGG, a Muskogee County )<br> Deputy Sheriff in his individual capacity, )<br>                                               )<br> 2.   JOHN DOE NO. 1, a Muskogee County )<br> Deputy Sheriff in his individual capacity, )<br>                                               )<br> 3.   CHARLES PEARSON, JR., the     )<br> duly-elected Sheriff of Muskogee County, )<br> Oklahoma, in his official capacity,       )<br>                                               )<br> 4.   BOARD OF COUNTY                  )<br> COMMISSIONERS FOR MUSKOGEE )<br> COUNTY, OKLAHOMA,                  )<br>                                               )<br>         **Defendants.**                    ) | CASE NO. 15-cv-162-RAW<br><br>*Jury Trial Demanded*<br><br>*Attorney Lien Claimed* |

## COMPLAINT

**COMES NOW** Cecil Guthrie, the Plaintiff in the above-entitled action, by and through his attorneys, David R. Keesling and Timothy S. Kittle, of the law firm, KEESLING LAW GROUP, PLLC, and for his causes of action alleges as follows:

1. Jurisdiction in this matter is based upon the existence of a federal question under 28 U.S.C.A. § 1331 (West 2014), as well as 28 U.S.C.A. § 1343 (West 2014), pursuant to claims arising under 42 U.S.C.A. § 1983 (West 2014), and supplemental jurisdiction under 28 U.S.C.A. § 1367(a) (West 2014), incorporating state law claims arising from the same transaction or occurrence.

2. Venue is appropriate as all incidents alleged herein occurred within the Eastern District of Oklahoma.

3. Plaintiff Cecil Guthrie, at all times relevant to the claims alleged herein, is and was a citizen of the State of Oklahoma, and a resident of the Town of Wainwright, Muskogee County, Oklahoma.

4. Defendant Jeffrey Gragg, upon information and belief, at all times relevant to the claims alleged herein, is and was a citizen of the State of Oklahoma, and further, was an individual employed by Sheriff Charles Pearson, Jr. as a duly-authorized deputy sheriff for the Muskogee County Sheriff's Office, vested with the authority to act under color of Oklahoma law to make arrests and otherwise enforce the laws of the State of Oklahoma and the ordinances of Muskogee County.

5. Defendant John Doe No. 1, upon information and belief, at all times relevant to the claims alleged herein, is and was a citizen of the State of Oklahoma, and further, was an individual employed by Sheriff Charles Pearson, Jr. as a duly-authorized deputy sheriff for the Muskogee County Sheriff's Office, vested with the authority to act under color of Oklahoma law to make arrests and otherwise enforce the laws of the State of Oklahoma and the ordinances of Muskogee County, and possibly is identified by the last name of "Barber."

6. Sheriff Charles Pearson, Jr., at all times relevant to the claims alleged herein, upon information and belief, is and was a citizen of the State of Oklahoma and the duly-elected Sheriff of the County of Muskogee, State of Oklahoma, who is the final policy maker for the Muskogee County, Oklahoma Sheriff's Office, with the statutory authority to hire, train, supervise and discipline the deputies under his command, and otherwise grant authority to his deputies to act under color of Oklahoma law.

7. Defendant Board of County Commissioners of Muskogee County ("Board"), at all times relevant to the claims alleged herein, was the elected body representing the County of

Muskogee, in the State of Oklahoma, which is the political subdivision that employed Defendants Jeffrey Gragg and John Doe No. 1 as members of the Muskogee County Sheriff's Office, and pursuant to 19 OKLA. STAT. ANN. § 4, is the proper party to be named for claims under the Oklahoma Government Tort Claims Act ("OGTCA"), 51 OKLA. STAT. ANN. §§ 151 *et seq*.

8. Due to the foregoing, this Court has jurisdiction over the parties and subject matter.

### STATEMENT OF THE FACTS

9. Plaintiff Cecil Guthrie incorporates paragraphs 1 through 8 herein as if fully set forth verbatim.

10. On April 3, 2014, Plaintiff was a male of 70 years of age and a licensed minister with the Assemblies of God.

11. On that date, at approximately 9:00 p.m., Plaintiff was called to assist his adult daughter, who was encountering marital and emotional problems.

12. Pursuant to her problems, Plaintiff's daughter had allegedly consumed a number of pills and would likely need medical and mental health intervention.

13. In fact, this was the second such incident involving Plaintiff's daughter within a one week time period, and EMS and law enforcement responded to the earlier incident.

14. Plaintiff originally made contact with his daughter at her home, but the daughter fled her home on foot.

15. Plaintiff followed his daughter in his truck.

16. Plaintiff re-established contact with his daughter at the home of a neighbor in Wainwright.

17. Because it was a cool night, Plaintiff returned to his home to obtain a jacket, leaving his daughter in the company of the neighbor until Plaintiff could return to the neighbor's home.

18. However, after Plaintiff departed from the neighbor's home, Plaintiff's daughter also left on foot, contrary to Plaintiff's stated wishes.

19. Plaintiff, again in his truck, searched for his daughter and found her walking in a pasture in the immediate area.

20. Within minutes, Plaintiff's daughter was seated in the passenger seat of Plaintiff's pick-up truck while Plaintiff was seated behind the wheel.

21. Plaintiff began counseling his daughter, advising her that she was in need of assistance from EMS and law enforcement, who had been called to respond to the incident.

22. EMS (ambulance) personnel arrived before law enforcement.

23. Plaintiff advised the EMS personnel of his status (pastor) and his relationship with his daughter, that he was counseling with his daughter and asked for a few minutes, after which Plaintiff's daughter would leave with them.

24. Pursuant to Plaintiff's information and request, the EMS personnel acquiesced but remained in the area.

25. Shortly thereafter, law enforcement personnel, specifically Defendant Jeffrey Gragg, arrived on scene.

26. However, unlike the EMS personnel who had initially approached Plaintiff's truck and backed away in a spirit of cooperation with Plaintiff's efforts to counsel his daughter, Defendant Gragg began barking orders at Plaintiff, despite Plaintiff's attempt to advise Defendant Gragg of the situation.

27. Within moments, Defendant Gragg reached through the driver's window and began yanking Plaintiff's left arm, without cause or provocation.

28. Defendant Gragg then unlawfully and unnecessarily elevated his use of force by firing his Taser gun at Plaintiff.

29. Plaintiff was struck in the chest with the electrodes and was subjected to electrical shock.

30. Pursuant to being unlawfully subjected to electrical shock by a law enforcement officer, Plaintiff lost consciousness.

31. Further, because Plaintiff's truck was in the "Drive" position (Plaintiff's foot was on the brake), the unwarranted use of force and subsequent loss of consciousness caused Plaintiff's foot to slip off the brake causing the truck to travel an estimated distance of 100 to 150 feet before coming to rest.

32. As Plaintiff's truck came to a stop, Plaintiff regained a semblance of consciousness.

33. Defendant Gragg approached Plaintiff's truck and demanded Plaintiff produce identification.

34. Additionally, Defendant John Doe No. 1, believed to have the last name of "Barber," approached Plaintiff and stated that he intended to charge Plaintiff with an offense alleging that Plaintiff attempted to assault and batter John Doe No. 1 with Plaintiff's truck.

35. Further, Defendant John Doe No. 1 took no steps to prevent or ameliorate the unlawful use of force Defendant Gragg inflicted upon Plaintiff.

36. EMS personnel attended to Plaintiff's physical well-being, extracting the electrodes which were impaled into Plaintiff's chest.

37. Plaintiff was transported to Eastar Hospital for treatment as a result of this incident.

38. Plaintiff was never charged with any type of criminal offense pertaining to this matter.

39. On August 4, 2014, Plaintiff, by and through counsel, sent an Oklahoma Governmental Tort Claims Act ("OGTCA") Notice, as required under 51 Okla. Stat. Ann. § 156 (West 2014), to the Board of County Commissioners for Muskogee County ("Board"), as well as to the Muskogee County Sheriff's Office.

40. The Muskogee County Sheriff's Office received its OGTCA Notice on August 5, 2014.

41. The Muskogee County Board of County Commissioners received its OGTCA Notice on August 7, 2014.

42. Plaintiff did not receive a response from either the Board or the Sheriff's Office within ninety (90) days, and accordingly, under the applicable statute, 51 Okla. Stat. Ann. § 156, Plaintiff's claims are deemed denied.

43. This matter is being filed within one hundred eighty (180) days of Defendants' date of denial in compliance with 51 Okla. Stat. Ann. § 157 (West 2014).

### First Cause of Action: Unlawful Use of Excessive Force
**As to Defendants Jeffrey Gragg and John Doe No. 1**
**42 U.S.C.A. § 1983**

44. Plaintiff Cecil Guthrie incorporates paragraphs 1 through 43 herein as if fully set forth verbatim.

45. Plaintiff was subjected to unlawful, unreasonable, and excessive force perpetrated by Defendant Jeffrey Gragg, during the course of the incident of April 3, 2014, as described

herein, by grasping and yanking Plaintiff's left arm, and additionally by discharging a Taser gun at Plaintiff, striking Plaintiff in the chest with two electrodes and subjecting Plaintiff to a painful and incapacitating electrical shock.

46. Further, Defendant John Doe No. 1 failed to act to intervene on Plaintiff's behalf at the time that Defendant Gragg subjected Plaintiff to unlawful, unreasonable, and excessive force, notwithstanding his well-established obligation to act to prevent constitutional violations committed by other law enforcement officers that he observes.

47. At all times relevant to the claims alleged herein, and particularly at the time Plaintiff was subjected to unlawful, unreasonable, and excessive force by Defendant Gragg, and while Defendant John Doe No. 1 stood by and failed to intervene, specifically, on April 3, 2014, Plaintiff was a citizen of the United States and the State of Oklahoma, who had a clearly established right to be free from excessive force administered by agents of government.

48. The force exerted upon Plaintiff by Defendant Jeffrey Gragg, as described herein, was not objectively reasonable in light of the facts and circumstances confronting Defendants Gragg and John Doe No. 1.

49. Further, the unlawful, unreasonable, and excessive force administered by Defendant Jeffrey Gragg upon Plaintiff on April 3, 2014, and to which John Doe No. 1 rendered no assistance to Plaintiff, was dispensed by Defendants under color of law, in that said Defendants were acting in their law enforcement capacities as deputies of the Muskogee County Sheriff's Office.

50. The actions by Defendant Jeffrey Gragg, and the failure to act by Defendant John Doe No. 1, as described herein, displayed a deliberate indifference to the clearly established right of Plaintiff to be from unlawful, unreasonable, and excessive force.

51. As a direct and proximate result of the actions by Defendants as described herein, Plaintiff suffered injury.

52. Consequently, Plaintiff is entitled to damages and other relief as set forth herein.

**SECOND CAUSE OF ACTION: EXCESSIVE FORCE /ASSAULT & BATTERY**
**As to Defendants Charles Pearson, Jr. and Board**
**Oklahoma Governmental Torts Claim Act**
**51 OKLA. STAT. ANN. §§ 151** *et seq.*

53. Plaintiff Cecil Guthrie incorporates paragraphs 1 through 52 herein as if fully set forth verbatim.

54. Plaintiff was subjected to unlawful, unreasonable, and excessive force perpetrated by Defendant Jeffrey Gragg, during the course of the incident of April 3, 2014, as described herein, by grasping and yanking Plaintiff's left arm, and additionally by discharging a Taser gun at Plaintiff, striking Plaintiff in the chest with two electrodes and subjecting Plaintiff to a painful and incapacitating electrical shock.

55. Further, Defendant John Doe No. 1 failed to act to intervene on Plaintiff's behalf at the time that Defendant Gragg subjected Plaintiff to unlawful, unreasonable, and excessive force, notwithstanding his well-established obligation to act to prevent constitutional violations committed by other law enforcement officers that he observes.

56. At all times relevant to the claims alleged herein, Defendant Charles Pearson, Jr. was the duly-elected Sheriff of Muskogee County, Oklahoma, and was therefore the final policymaker for the Sheriff's Office, statutorily vested with the authority and obligation to hire, fire, train, supervise and discipline the deputies under his command, and otherwise grant authority to his deputies to act under color of Oklahoma law, making Defendant Pearson, in his capacity as Sheriff, the employer of Defendants Jeffrey Gragg and John Doe No. 1.

57. At all times relevant to the claims alleged herein, Defendant Board was the agent assigned by statute, 19 OKLA. STAT. ANN. § 4, to be named in any suit involving Muskogee County.

58. The force exerted upon Plaintiff by Defendant Jeffrey Gragg, as described herein, was not objectively reasonable in light of the facts and circumstances confronting Defendants Gragg and John Doe No. 1.

59. At the time Defendant Jeffrey Gragg subjected Plaintiff to unlawful, unreasonable, and excessive force, and at the time Defendant John Doe No. 1 unlawfully failed to act to prevent such abuse, Defendants Gragg and John Doe No. 1 were employed by the Muskogee County Sheriff's Office as deputy sheriffs and were acting within the scope of their employment as deputies and agents for the Muskogee County Sheriff's Office and Muskogee County.

60. As a direct and proximate result of the actions by Defendants as described herein, Plaintiff suffered injury.

61. Consequently, Plaintiff is entitled to damages and other relief as set forth herein.

**THIRD CAUSE OF ACTION: UNCONSTITUTIONAL DEPRIVATION OF LIBERTY /UNLAWFUL SEIZURE OF PERSON**
**As to Defendants Jeffrey Gragg and John Doe No. 1**
**42 U.S.C.A. § 1983**

62. Plaintiff Cecil Guthrie incorporates paragraphs 1 through 61 herein as if fully set forth verbatim.

63. Defendant Jeffrey Gragg unlawfully seized Plaintiff's person by exerting unlawful and excessive force upon Plaintiff, rendering Plaintiff unable to move or leave the area.

64. Defendant Gragg acted intentionally in effecting the seizure of Plaintiff's person.

65. Defendant John Doe No. 1 failed to act to intervene on Plaintiff's behalf at the time that Defendant Gragg unlawfully seized the person of Plaintiff, notwithstanding his well-established obligation to act to prevent constitutional violations committed by other law enforcement officers that he observes.

66. The unlawful seizure of Plaintiff's person, effected by Defendant Jeffrey Gragg upon Plaintiff on April 3, 2014, and to which John Doe No. 1 rendered no assistance to Plaintiff, were acts or omissions undertaken by Defendants under color of law, in that said Defendants were acting in their law enforcement capacities as deputies of the Muskogee County Sheriff's Office.

67. As a direct and proximate result of the actions by Defendants as described herein, Plaintiff suffered injury.

68. Consequently, Plaintiff is entitled to damages and other relief as set forth herein.

**FOURTH CAUSE OF ACTION: FALSE IMPRISONMENT**
**As to Defendants Charles Pearson, Jr. and Board**
**Oklahoma Governmental Torts Claim Act**
**51 OKLA. STAT. ANN. §§ 151** *et seq.*

69. Plaintiff Cecil Guthrie incorporates paragraphs 1 through 68 herein as if fully set forth verbatim.

70. Defendant Jeffrey Gragg unlawfully restrained Plaintiff's personal liberty or freedom of locomotion against Plaintiff's will by unlawfully incapacitating Plaintiff through the use of unlawful and excessive force.

71. Defendant Gragg restrained Plaintiff's personal liberty or freedom of locomotion without sufficient cause.

72. At the time Defendant Jeffrey Gragg unlawfully restrained Plaintiff's personal liberty or freedom of locomotion, Defendant Gragg was employed by the Muskogee County

Sheriff's Office as a deputy sheriff and was acting within the scope of his employment as a deputy and agent for the Muskogee County Sheriff's Office and Muskogee County.

73. At all times relevant to the claims alleged herein, Defendant Charles Pearson, Jr. was the duly-elected Sheriff of Muskogee County, Oklahoma, and was therefore the final policymaker for the Sheriff's Office, statutorily vested with the authority and obligation to hire, fire, train, supervise and discipline the deputies under his command, and otherwise grant authority to his deputies to act under color of Oklahoma law, making Defendant Pearson, in his capacity as Sheriff, the employer of Defendant Gragg.

74. At all times relevant to the claims alleged herein, Defendant Board was the agent assigned by statute, 19 OKLA. STAT. ANN. § 4, to be named in any suit involving Muskogee County.

75. As a direct and proximate result of the actions by Defendants as described herein, Plaintiff suffered injury.

76. Consequently, Plaintiff is entitled to damages and other relief as set forth herein.

### PUNITIVE AND EXEMPLARY DAMAGES

77. Plaintiff Cecil Guthrie incorporates paragraphs 1 through 76 herein as if fully set forth verbatim.

78. The acts and omissions by Defendants, as set forth in the preceding paragraphs, demonstrate that Defendants were engaged in conduct evincing malice or reckless indifference to Plaintiff's rights.

79. As a direct result of Defendants' malice and /or reckless disregard for Plaintiff's rights, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined by a jury commensurate with the financial resources available to Defendants and sufficient to deter

others similarly situated from like behavior, to the extent permitted by law under the OGTCA, 42 U.S.C.A. § 1983, and construing authorities.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Cecil Guthrie prays this Court will grant the following:

A.  Award Plaintiff all actual damages, including those emanating from physical pain, mental anguish and emotional distress in excess of seventy five thousand dollars ($75,000.00).

B.  Award Plaintiff damages for violations of Plaintiff's constitutional rights.

C.  Award Plaintiff punitive damages to the extent permitted by law.

D.  Declare that the excessive use of force by Defendants against Plaintiff, as described herein, is unconstitutional as a matter of law.

E.  Award attorney's fees under 42 U.S.C.A. § 1988(b) and any other applicable provision of law.

F.  Award any and all further relief this Court deems just and equitable.

Respectfully submitted,

**KEESLING LAW GROUP, PLLC**

/s/ David R. Keesling
David R. Keesling, OBA No. 17881
Timothy S. Kittle, OBA No. 21979
401 South Boston Avenue
Mid–Continent Tower, Suite 450
Tulsa, Oklahoma 74103
(918) 924-5101 – Telephone
(918) 512-4888 – Facsimile
David@KLGattorneys.com
Tim@KLGattorneys.com
*Attorneys for Plaintiff:*
*Cecil Guthrie*