IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.     CECIL GUTHRIE,<br><br>        Plaintiff,<br><br>v.<br><br>1.     JEFFREY GRAGG, a Muskogee County Deputy Sheriff in his individual capacity,<br><br>2.     KENT BARBER, a Muskogee County Deputy Sheriff in his individual capacity,<br><br>3.     CHARLES PEARSON, JR., the duly-elected Sheriff of Muskogee County, Oklahoma, in his official capacity,<br><br>4.     BOARD OF COUNTY COMMISSIONERS FOR MUSKOGEE COUNTY, OKLAHOMA,<br><br>        Defendants. | CASE NO. 15-cv-00162-JHP |

**OPINION AND ORDER**

Before the Court are Defendant Charles Pearson, Jr.'s Motion to Dismiss (Doc. No. 14), Plaintiff's Response and Motion in Opposition (Doc. No. 27), and Defendant's Reply (Doc. No. 28). After consideration of the briefs, and for the reasons stated below, the Motion to Dismiss is **GRANTED**.

**BACKGROUND**

Plaintiff Cecil Guthrie filed this action pursuant to 42 U.S.C. § 1983 and the Oklahoma Governmental Tort Claims Act ("OGTCA"), OKLA. STAT. tit. 51, §§ 151 *et seq.* Plaintiff seeks recovery from defendants Jeffrey Gragg and Kent Barber, both Muskogee County, Oklahoma Deputy Sheriffs, in their individual capacities; Charles Pearson, Jr., the duly-elected Sheriff of

1

Muskogee County, Oklahoma, in his official capacity; and the Board of County Commissioners for Muskogee County, Oklahoma. According to the Complaint, on April 3, 2014, Plaintiff was counseling his emotionally troubled daughter in his pick-up truck. (Doc. No. 3). Plaintiff's daughter had allegedly consumed a number of pills and was likely in need of medical and mental health attention. (*Id.*). EMS personnel arrived but agreed to allow Plaintiff to counsel his daughter for a few minutes before taking her. (*Id.*). However, when Defendant Jeffrey Gragg arrived, he began "barking orders" at Plaintiff, who was seated behind the wheel of his truck. (*Id.*). Gragg then yanked at Plaintiff's left arm, "without cause or provocation," and fired his Taser gun at Plaintiff. (*Id.*). Plaintiff received an electrical shock from the electrodes and lost consciousness, which caused his foot to slip off the brake of his truck and the truck to roll 100 to 150 feet before stopping. (*Id.*). As Plaintiff regained consciousness, Gragg approached and demanded Plaintiff produce identification, while Defendant Kent Barber approached and stated his intent to charge Plaintiff with attempted assault and battery with his truck. (*Id.*). Plaintiff was then transported to the hospital for treatment and was never charged with any criminal offense in this matter. (*Id.*).

Relevant to this motion, Plaintiff asserts two *respondeat superior* claims against defendant Charles Pearson, Jr., in his official capacity as Sheriff of Muskogee County: (1) excessive force/assault and battery pursuant to the OGTCA (Second Cause of Action) and (2) false imprisonment pursuant to the OGTCA (Fourth Cause of Action). Pearson has now moved to dismiss Plaintiff's claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6), because he has immunity under the OGTCA.

**DISCUSSION**

In considering a Rule 12(b)(6) motion, the court must accept all well-pleaded allegations of the complaint as true, and must construe them in the light most favorable to the plaintiff. *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" he or she is entitled to relief. *Twombly,* 550 U.S. at 556. "A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

Defendant Pearson argues he is immune from suit with respect to Plaintiff's OGTCA claims. The OGTCA generally immunizes "the state, its political subdivisions, and all of their employees acting within the scope of their employment" from liability for torts. OKLA. STAT. tit. 51, § 152.1(A). This immunity is subject to a limited waiver for the state and its political subdivisions, but "only to the extent and in the manner provided" in the OGTCA. OKLA. STAT. tit. 51, § 152.1(B).

Pearson argues the limited waiver does not apply to suit against him in his official capacity, because he is an *employee* of a political subdivision. Pearson is correct. The OGTCA did not waive immunity of state employees. In fact, the OGTCA precludes tort actions against "an employee of the state or political subdivision acting within the scope of his employment." OKLA. STAT. tit. 51, § 163(C). *See* OKLA. STAT. tit. 51, § 152(7)(a)(1) (defining "employee" to include "all elected and appointed officers . . . for an agency or political subdivision"); OKLA.

3

STAT. tit. 51, § 152(11)(c) (defining "political subdivision" to include a county). Accordingly, it is improper under the OGTCA to sue a county official in his or her official capacity.

Plaintiff argues there is an "apparent conflict in the authorities" regarding the proper subject of suit under the OGTCA for the alleged torts committed by employees of a county sheriff's office. (Doc. No. 27, at 4). As a result, Plaintiff pled entity liability against both Pearson and the Board of County Commissioners for Muskogee County in "an abundance of caution." (*Id.*). The Court, however, finds the law to be clear on this issue. The Oklahoma Supreme Court has held a "[s]uit against a government officer in his or her official capacity is actually a suit against the entity that the officer represents," which "is improper under the [O]GTCA." *Speight v. Presley*, 203 P.3d 173, 179 (Okla. 2008) (citing *Pellegrino v. State ex rel. Cameron University*, 63 P.3d 535, 537 (Okla. 2003)). Rather, OGTCA claims brought against a county must name that county's board of county commissioners as a defendant. OKLA. STAT. tit. 19, § 4. Therefore, the Board, not Pearson, is the proper party defendant on the OGTCA claims.

As Plaintiff points out, the Oklahoma Court of Civil Appeals has held a county board cannot be held vicariously liable for torts committed by sheriff's deputies in the course of employment, because no master-servant relationship exists between the two with respect to traditional tort claims. *Bryson v. Oklahoma Cnty. ex rel. Oklahoma Cnty. Det. Ctr.*, 261 P.3d 627, 632-33 (Okla. Civ. App. 2011). However, this conclusion is inapplicable to Plaintiff's claims under the OGTCA, because *Bryson* addressed only a traditional tort claim without reaching the terms of the OGTCA. To the extent the Court of Civil Appeals in *Bryson* intended its ruling to apply to claims under the OGTCA, such ruling cannot be controlling, because it would contradict the plain language of the OGTCA and the Oklahoma Supreme Court's ruling in *Speight*. Therefore, in accordance with the OGTCA and *Speight*, the Court concludes it is

improper under the OGTCA to sue a county official in his or her official capacity. To the extent Plaintiff seeks to recover against Muskogee County for the tortious acts of its sheriff's deputies, he must name the Board as a defendant. Accordingly, the OGTCA claims against Pearson are dismissed.

## CONCLUSION

For the reasons detailed above, Defendant Charles Pearson, Jr.'s Motion to Dismiss (Doc. No. 14) is **GRANTED**.

IT IS SO ORDERED this 26th day of February, 2016.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma