# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CECIL GUTHRIE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15-CV-162-JHP |
| | ) |
| (1) JEFFREY GRAGG, a Muskogee County Deputy Sheriff in his individual capacity; | ) |
| (2) BOARD OF COUNTY COMMISSIONERS FOR MUSKOGEE COUNTY, OKLAHOMA, | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Before the Court is the Defendants' Motion in Limine (Doc. No. 69). Defendants seek a pre-trial order to exclude from evidence at trial any argument, evidence, questioning, suggestion, or innuendo related to several topics, discussed below in detail. For the reasons set forth below, Defendants' Motion is **GRANTED**.

## **BACKGROUND**

In this action, Plaintiff alleges a federal civil rights claim against Defendant Jeffrey Gragg, in his individual capacity, for unlawful use of excessive force. Plaintiff further alleges a state-law claim of excessive force against Defendant Board of County Commissioners for Muskogee County, Oklahoma, pursuant to the Oklahoma Governmental Tort Claims Act. On April 3, 2014, Gragg was responding to a 911 call regarding Plaintiff's daughter who had taken an overdose of pills. Upon arriving at the scene, Gragg encountered Plaintiff in the driver's seat of his truck, with Plaintiff's daughter beside him in the passenger seat. Plaintiff alleges Gragg then unlawfully subjected Plaintiff to excessive force, by grabbing and bruising Plaintiff's arm and further subjecting Plaintiff to a taser shock. The Defendants allege Gragg's actions and the

amount of force used on Plaintiff were objectively reasonable in light of the facts and circumstances.[1]

**DISCUSSION**

Defendants' Motion in Limine objects to introduction of four topics: (1) criminal charges against Gragg in Wagoner County Case No. CF-2016-00190A and facts underlying said charges; (2) Gragg's invocation of his Fifth Amendment rights during deposition; (3) a racial profiling investigation regarding Gragg; and (4) subsequent change of the Muskogee County Sheriff's Office ("MCSO") use of force policy. In his Response (Doc. No. 84), Plaintiff concedes the first and second topics should be properly excluded from evidence at trial. Accordingly, the Court grants Defendants' Motion with respect to the first and second topics. The Court will address below the disputed aspects of the third and fourth topics.

**I.     Racial Profiling Investigation – Defendant Gragg's Pat Down Policy**

Defendants seek exclusion of evidence related to a 2012 racial profiling complaint, and investigation into Gragg's practices, arising out of a 2011 traffic stop. The investigator in that matter concluded the complaint against Gragg was without merit, and nothing further came out of the investigation. In his Response, Plaintiff agrees any suggestion that Gragg engaged in racial profiling based on that investigation would be unduly prejudicial but nonetheless seeks to introduce evidence connected with the investigation. Specifically, Plaintiff argues portions of Gragg's and Sheriff Charles Pearson, Jr.'s deposition testimony, though connected with questions about the investigation, should be open to questioning as a means of demonstrating that Gragg, with the acquiescence of Sheriff Pearson, "engaged in a practice of conducting pat downs of *all* persons who were subjects of traffic stops effected by then MCSO Deputy Sheriff

---

[1] Defendant Charles Pearson, Jr. was dismissed from this case by Opinion and Order on February 26, 2016. (Doc. No. 49). Defendant Kent Barber was dismissed from this case by Opinion and Order on July 8, 2016. (Doc. No. 75).

Jeffrey Gragg." (Doc. No. 84, at 3; *see* Doc. No. 84-1, 84-2, 84-3). Plaintiff asserts such a blanket practice is contrary to established Fourth Amendment seizure law. Therefore, Plaintiff argues this evidence demonstrates Gragg and Sheriff Pearson "were either deliberately indifferent to the rights of citizens they have seized, or were grossly ignorant of the clearly established law that defined the parameters of their authority." (Doc. No. 84, at 4).

Defendants argue in their Reply that Plaintiff misrepresents Gragg's pat down policy and, more importantly, this line of evidence is irrelevant to Plaintiff's claims in this case. The Court agrees with Defendants that Gragg's pat down policy is entirely irrelevant to Plaintiff's claims. Here, Gragg did not conduct either a traffic stop or a pat down of Plaintiff. Accordingly, Gragg's pat down practices during traffic stops, whether lawful or not, have no relevance to Plaintiff's Fourth Amendment claims. Further, any possible probative value such evidence may have is substantially outweighed by a danger of unfair prejudice and confusion of the issues. Fed. R. Evid. 403.

Accordingly, Plaintiff is prohibited from offering any argument, evidence, questioning, suggestion, or innuendo regarding (1) the racial profiling investigation into Gragg or (2) Gragg's pat down practices during traffic stops or Sheriff Pearson's knowledge thereof, including the deposition excerpts and memorandum attached to Plaintiff's Response (Doc. Nos. 84-1, 84-2, 84-3).

## II.     2015 MCSO Use of Force Policy

Defendants also seek to exclude evidence that the MCSO amended its "use of force" policy on or about November 15, 2015. Defendants argue any such evidence should be excluded because the Sheriff's policies, including the subsequent amendment thereof, are not relevant to the Defendants' liability. In his Response, Plaintiff agrees he is prohibited from inquiring

3

whether the MCSO amended its policy subsequent to April 3, 2014. However, Plaintiff seeks to introduce MCSO's "Use of Force Continuum," issued on November 15, 2015 (Plaintiff's Trial Exhibit 13), as "nothing more than a generic version of guidelines that have for decades shepherded American law enforcement officers regarding the types and proper uses of force within the scope of their employment." (Doc. No. 84, at 4; *see* Doc. No. 84-4). Because the proper use of force is the central issue to be determined at trial, Plaintiff argues the accepted standards of use of force, and Gragg's and Sheriff Pearson's knowledge thereof, are appropriate areas of inquiry. Defendants object to introduction of the Use of Force Continuum—Plaintiff's Trial Exhibit 13—because (1) the Sheriff's policies are irrelevant to Plaintiff's claims and (2) the Continuum states on its face that it was issued on November 15, 2015, which would suggest to the jury that the MCSO amended its policy after the subject incident.

The Court agrees with Defendants that Plaintiff's Trial Exhibit 13 is not relevant to Plaintiff's claims, because it represents MCSO policy issued long after the incident that is the subject of suit. Even if, as Plaintiff proposes, the date were redacted from the face of the Exhibit, it retains the risk of confusing the issues and misleading the jury as an after-enacted MCSO policy. Accordingly, Plaintiff is prohibited from introducing Plaintiff's Trial Exhibit 13 or otherwise offering any argument, evidence, inquiry, suggestion, or innuendo regarding MCSO's change of policy following the subject incident.

## CONCLUSION

For the reasons set forth above, Defendants' Motion in Limine (Doc. No. 69) is **GRANTED**.

**IT IS SO ORDERED** this 3rd day of August, 2016.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

4